UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
STSG, LLC,

               Plaintiff,

      - against -

INTRALYTIX, INC., LESAFFRE YEAST
CORPORATION, and JOHN J. WOLOSZYN,

               Defendants.
-----------------------------------------X

**MEMORANDUM AND ORDER**

18 Civ. 5569 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff STSG brings this action against defendants Intralytix, Inc. ("Intralytix"), Lesaffre Yeast Corporation ("Lesaffre")[1], and John. J. Woloszyn ("Woloszyn"). The Complaint asserts the following claims: (1) breach of contract (against Intralytix), (2) breach of the implied covenant of good faith and fair dealing (against Intralytix), (3) fraud (against Woloszyn and Intralytix), (4) unjust enrichment (against Intralytix), (5) tortious interference with a contract (against Lesaffre), (6) conspiracy to defraud (against all defendants), (7) aiding and abetting fraud (against Lesaffre), and (8) specific performance (against Intralytix).

---

[1] We accept defendants' invitation to treat the Complaint's references to "Lesaffre" as if they are referring to LYC Holdings, Inc., in anticipation of a possible substitution of parties. Defendants' Motion to Dismiss, ECF No. 18 at 7.

Presently before the Court is defendants' motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). At oral argument, defendants retreated from their litigation posture and conceded that plaintiff has enforceable rights of access and inspection under the agreements governing the 2003 loan by plaintiff to Intralytix. Mar. 7, 2019 Hr'g Tr. 21:4-18. Defendants' breach of their obligation to provide access and inspection is not, and cannot be, without consequence. While we have no way of knowing what the precise impact on this litigation would have been had plaintiff been afforded its now acknowledged rights, it is reasonable to assume that it would have – at a minimum – reduced the reliance on information and belief pleading within the Complaint.[2] Because exercise of plaintiff's access and inspection rights under the credit agreement will foreseeably alter the universe of allegations plaintiff can plead pursuant to Rule 11, a ruling on defendants' motion to dismiss would be premature. Thus, the motion is denied without prejudice to re-filing once plaintiff has exercised its access and inspection rights under the contract and after the resolution of any motion by plaintiff for leave to file an amended complaint.

---

[2] In their briefing, defendants chide plaintiff for making allegations on information and belief. ECF No. 18 at 23. The inherent tension between this argument and defendants' concession at oral argument is not lost on the Court.

However, defendants' argument that plaintiff's suit is barred by issue preclusion is not impacted by Intralytix's frustration of plaintiff's aforementioned contractual rights, and we therefore resolve it here.  Defendants assert that the present action is barred by issue preclusion because of the 2011 state court judgement.  State Court Decision, ECF No. 19-1.  It is not.  Issue preclusion "refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim."  New Hampshire v. Maine, 532 U.S. 742, 748–49 (2001).  Under New York law, issue preclusion will prevent relitigation of an issue if the issue "has necessarily been decided in the prior action and is decisive of the present action." Kosakow v. New Rochelle Radiology Associates, P.C., 274 F.3d 706, 730 (2d Cir. 2001) (internal citations and quotations omitted). "Deciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second* court" Wyly v. Weiss, 697 F.3d 131, 140 (2d Cir. 2012) (emphasis in original) (internal citations and quotations omitted).

At the time of the state court decision, plaintiff had yet to exercise any of its rights under the credit agreement unrelated to collection of the principal debt.  Indeed, the first paragraph of the state court decision makes clear that "the central issue" of

3

that case was "whether the terms of a Subordination Agreement between Spencer Trask and the senior lender, Ecolab Inc. ... bar an action to collect on the note." State Court Decision, ECF No. 19-1 at 3. The state court decision focused its analysis on whether plaintiff's delivery of a check for the remaining balance of the Ecolabs loan constituted payment in full of Intralytix's debt to MeyerFlyer. Id. at 6. That issue is not "decisive of the present action," but rather is inapposite to the present attempt to enforce plaintiff's various non-collection rights under the credit agreement. Kosakow, 274 F.3d at 730 (2d Cir. 2001). Additionally, the state court decision predates, inter alia: the 2014 transfer of the senior debt to Highflyer, LLC ("Highflyer"); Intralytix's 2017 equity agreement with Lesaffre; and allegations of violation of plaintiff's Section 4.1(e)[3], 5.4[4], and 7[5] rights related to the Lesaffre agreement. A claim premised on these facts is not precluded by the state court decision because these "facts

---

[3] "Intralytix will furnish to STSG: notice of the occurrence of any discussions (including the proposed terms of any discussions) relating to the issuance of New Securities ... by Intralytix, promptly after the occurrence of any discussions, and of any actual issuance of equity immediately before issuance." ECF No. 7-2, ¶ 4.1(e).

[4] "Intralytix will not borrow any money or issue any bonds, debentures or other debt securities or otherwise become obligated on any interest-bearing indebtedness or indebtedness for borrowed money ... [u]nless otherwise agreed in writing by STSG in its sole discretion ... ." ECF No. 7-2, ¶ 5.4.

[5] "[I]n the event Intralytix engages in the private sale of its equity securities ... STSG shall have the right, in its sole discretion, to participate in such Private Equity Round by converting the Loan and any accrued interest into the securities being offered in the Private Equity Round ... ." ECF No. 7-2, ¶ 7.1.

were not before the Court and therefore the specific issues they raise were never litigated or decided." Alali v. DeBara, No. 07-CV-2916(CS), 2008 WL 4700431, at *4 (S.D.N.Y. Oct. 24, 2008). And though issue preclusion applies to an issue "even if the issue recurs in the context of a different claim," issue preclusion still requires that the "claims asserted in the subsequent action were, or could have been, raised in the prior action." Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc., 779 F.3d 102, 108 (2d Cir. 2015). Thus, plaintiff is not barred on the basis of issue preclusion from bringing this action for any of the claims asserted.

For the foregoing reasons, defendants' motion to dismiss is denied without prejudice. The Clerk of Court is respectfully directed to terminate the motion at Docket Number 17.

**SO ORDERED.**

Dated: New York, New York
March /9, 2019

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE